# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1999

FILED

October 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9811-CC-00363 |
| | ) | |
| Appellee, | ) | |
| | ) | TIPTON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JOSEPH H. WALKER, JUDGE |
| MAURICE SHAW, | ) | |
| | ) | (POSSESSION OF COCAINE |
| Appellant. | ) | WITH INTENT TO DELIVER) |

FOR THE APPELLANT:

JASON G. WHITWORTH
Hotel Lindo Building, Suite 201
114 W. Liberty Avenue
P.O. Box 846
Covington, TN  38019-0846

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

ELIZABETH T. RICE
District Attorney General

JAMES W. FREELAND, JR.
Assistant District Attorney General
302 Market Street
Somerville, TN  38068

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

On July 7, 1997, the Tipton County Grand Jury indicted Appellant Maurice Shaw for one count of possession of cocaine and one count of possession of .5 or more grams of cocaine with intent to deliver. After a jury trial on March 10, 1998, Appellant was convicted of possession of .5 or more grams of cocaine with intent to deliver. On May 11, 1998, the trial court sentenced Appellant as a Range I standard offender to a term of nine years in the Tennessee Department of Correction. Appellant challenges his conviction, raising the following issues:

1) whether the evidence was sufficient to support Appellant's conviction;

2) whether Appellant's conviction was invalid because it was based on the uncorroborated testimony of an accomplice; and

3) whether Appellant received ineffective assistance of counsel.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

K.C. Webb testified that on February 27, 1997, Appellant drove his vehicle to Webb's house. Appellant then asked Webb to accompany him on a drive to his father's house. At some point during the drive, Appellant told Webb that they were being followed by the police. Appellant then pulled into the parking lot of Sparky's Exxon.

Webb testified that as Appellant began opening the door to exit the vehicle, Appellant took a bottle containing crack cocaine out of his pants pocket and he

tossed it to Webb. Webb then tossed the bottle back to Appellant, but he did not actually see where the bottle landed.

Webb testified that he was charged with possession of cocaine as a result of this incident. Webb also testified that he made a deal with the State in which he was allowed to plead guilty to misdemeanor possession in return for his testimony at trial.

Deputy Shannon Beasley of the Tipton County Sheriff's Department testified that while he was in his patrol vehicle on February 27, 1997, he observed a vehicle with a license plate number that he had been instructed to be on the lookout for. Shortly thereafter, Beasley learned that the license plate was registered for a different vehicle than the one that it was on. After learning this information, Beasley stopped the vehicle for a registration violation. When Beasley approached the vehicle, he saw that Appellant was the driver and Webb was the passenger.

Beasley testified that at this point, Appellant exited the vehicle and began walking toward a store. Beasley called Appellant back to the vehicle and asked for his driver's license. Beasley testified that Appellant was "extremely nervous" and "[h]is hand was shaking uncontrollably" when he displayed his driver's license. Appellant then stated that the license plate belonged to his van.

Beasley testified that after he returned Appellant's driver's license and issued a citation, Appellant still appeared to be "real nervous." Beasley then asked Appellant whether he had any illegal contraband in the vehicle such as weapons or drugs and Appellant stated that he did not. Beasley then asked Appellant whether

he could search the vehicle and Appellant said, "Go ahead." After obtaining consent, Beasley asked Webb to get out of the vehicle and he began the search.

Beasley testified that during the search of the vehicle, he discovered an orange-colored pill bottle under the arm rest between the driver's and passenger's seats. When Beasley opened the bottle, he observed a substance that he recognized as twenty-six rocks of crack cocaine. Beasley also testified that Appellant and Webb were subsequently arrested and no materials used for the consumption of cocaine were found on either Appellant or Webb.

Beasley testified that after Appellant was arrested and advised of his rights, Appellant waived his rights and agreed to make a statement. In the statement, Appellant admitted that he owned the vehicle in which the cocaine was found, but he denied that the cocaine belonged to him. Appellant also stated that he did not know where the cocaine had come from, but he assumed that it belonged to Webb because Webb had previously discovered some cocaine on the side of the road.

On cross-examination, Beasley testified that when he stopped Appellant's vehicle, he did not see either Appellant or Webb throw anything.

Chief Jesse Poole of the Atoka, Tennessee Police Department testified that, based on his training and experience, the street value of twenty-six rocks of crack cocaine was approximately $500.

Lisa Mays of the Tennessee Bureau of Investigation testified that the pill bottle obtained during the search contained 5.6 grams of cocaine base. Mays testified that

this amount of cocaine was approximately eleven times greater than the amount involved in a typical case.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his conviction. We disagree.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996). Moreover, this Court may not substitute its own inferences "for those drawn by the

trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Finally, Rule 13(e) of the Tennessee Rules of Appellate Procedure provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt."

In order to establish that Appellant had committed the offense for which he was convicted, the State had to prove beyond a reasonable doubt that Appellant possessed .5 or more grams of cocaine with the intent to deliver. Tenn. Code Ann. § 39-17-417(a)(4) (1997).

We conclude that when the evidence is viewed in the light most favorable to the State, as it must be, the evidence was clearly sufficient to support Appellant's conviction. Webb testified that when Appellant stopped the vehicle and began opening the door, Appellant took a pill bottle out of his pocket and tossed it to Webb. Webb also testified that he then threw the bottle back to Appellant, but he did not actually see where it landed. Beasley testified that during the search of Appellant's vehicle, he discovered a pill bottle that contained what appeared to be twenty-six rocks of crack cocaine. Poole testified that the street value of twenty-six rocks of crack cocaine was approximately $500. Mays testified that the pill bottle contained 5.6 grams of cocaine. Mays also testified that this amount is approximately eleven times greater than the amount of cocaine in a typical case.

Appellant essentially argues that the evidence was insufficient because the only proof that he ever possessed the cocaine came from the testimony of Webb and Webb was simply not credible. Specifically, Appellant argues that no rational jury

could have believed Webb's testimony because his version of the facts was illogical, he had a motive to lie, his testimony was contradicted by the testimony of Beasley, and his testimony contained inconsistencies. However, "[t]he credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the triers of fact." State v. Cribbs, 967 S.W.2d 773, 793 (Tenn. 1998). The jury obviously believed Webb's testimony that Appellant initially had the bottle of crack cocaine in his pocket.

In this case, Appellant essentially asks us to reconsider the evidence and substitute a verdict of not guilty in place of the verdict found by the jury. That is not our function. Instead, we conclude that a rational jury could have found beyond a reasonable doubt that Appellant had committed the offense of possessing .5 or more grams of cocaine with intent to deliver. See Tenn. R. App. P. 13(e). Appellant is not entitled to relief on this issue.

### III. ACCOMPLICE TESTIMONY

Appellant contends that the trial court erred when it refused to grant his motion for acquittal because the only evidence against him came from the uncorroborated testimony of an accomplice. We disagree.

In Tennessee, it is well-settled that a defendant cannot be convicted on the uncorroborated testimony of an accomplice. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). However,

> [t]his corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect

> the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence. The corroboration need not be conclusive, but it is sufficient if this evidence, of itself, tends to connect the defendant with the commission of the offense, although the evidence is slight and entitled, when standing alone, to but little consideration.

Id. In other words, "only slight circumstances are required to corroborate an accomplice's testimony." State v. Griffis, 964 S.W.2d 577, 589 (Tenn. Crim. App. 1997). Whether an accomplice's testimony has been sufficiently corroborated is a question for the jury. Bigbee, 885 S.W.2d at 803.

We conclude that the other evidence in this case is sufficient to establish at least the "slight circumstances" necessary to corroborate Webb's testimony. Beasley testified that when he stopped Appellant's vehicle and pulled in behind him, Appellant exited the vehicle and walked away. Beasley also testified that when he asked Appellant for his driver's license, Appellant was "extremely nervous" and "[h]is hand was shaking uncontrollably." In addition, Beasley testified that even after he returned Appellant's driver's license and gave him the citation, Appellant was "still real nervous." Further, it is undisputed that Appellant was both the owner and the driver of the vehicle in which Beasley found the cocaine. As this Court has previously noted, constructive possession of a controlled substance can be inferred to the person who had control over the vehicle in which it was found. State v. Brown, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995).

We conclude that while the above evidence may not have been adequate, in and of itself, to support a conviction, the evidence "fairly and legitimately tends to connect [Appellant] with the commission of the crime charged." Thus, Webb's

testimony was sufficiently corroborated. Appellant is not entitled to relief on this issue.

## IV. ASSISTANCE OF COUNSEL

Appellant contends that his conviction should be reversed because he received ineffective assistance of counsel at trial. We disagree.

Article I, Section 9 of the Tennessee Constitution provides "that in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel." Tenn. Const. art I, § 9. Similarly, the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. "These constitutional provisions afford to the accused in a criminal prosecution the right to effective assistance of counsel." Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

In order to obtain relief on the basis of ineffective assistance of counsel, an appellant "bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial." Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to show deficient performance, an appellant must establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to show prejudice, an appellant must show a reasonable probability that, but for counsel's ineffective performance, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). "Because [an appellant] must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component." Id.

First, Appellant contends that he received ineffective assistance of counsel because during defense counsel's opening statement, he said that Appellant was guilty. The record indicates that during his opening statement, defense counsel stated,

> Thank you for being here today. I think you've been carefully selected. Mr. Maurice Shaw is guilty. We say he's presumed—Forgive me. Mr. Maurice Shaw is innocent. We say he is presumed innocent. And this is my opportunity to talk about what I expect the evidence will show . . . .

Appellant has failed to show that this remark had any adverse effect on his defense. Indeed, it is clear that this comment was completely inadvertent and counsel immediately corrected his misstatement. Nothing in the record indicates that the jury based its verdict on this obviously inadvertent remark rather than the evidence that was presented during the trial. Thus, Appellant has failed to show that he was prejudiced by this remark.

Second, Appellant claims that he received ineffective assistance of counsel because during defense counsel's closing argument, he made reference to a story about a bull-frog with wings and also stated that as Appellant's friend, Webb was more interested in helping himself than he was in helping Appellant. While these

arguments were not particularly clear, Appellant has failed to show how he was prejudiced by them. Indeed, the record indicates that defense counsel made many of the same arguments in his closing argument that Appellant makes on appeal. For instance, counsel argued that Webb's version of the events was not logical, that Webb was not credible, that Webb had a motive to lie, and that Appellant's actions indicated that he was innocent. When the closing argument is considered as a whole, it is clear that Appellant was not prejudiced by it.

Third, Appellant contends that he received ineffective assistance of counsel because in defense counsel's closing argument, he referred to the trial as a "dope case" and he used the term "dope salesperson" when he attacked the logic of the prosecutor's closing argument. However, Appellant has failed to show how he was prejudiced by these references and nothing in the record indicates that these comments had any effect on the outcome of the trial.

Finally, Appellant claims that he received ineffective assistance of counsel because defense counsel failed to obtain the prior criminal record of Webb. Appellant argues that the fact that his counsel failed to investigate Webb's criminal record is shown by the following statement counsel made during a bench conference during his cross-examination of Webb:

> We have recently got in touch with what we think is a prior record on this gentleman. I'd like to ask for a few moments to go in the Clerk's office to see if my office has faxed it in here yet.

Contrary to Appellant's assertions, this statement does not clearly indicate that defense counsel failed to investigate Webb's criminal record. Without an evidentiary hearing on the issue, any conclusion about the extent of defense counsel's pretrial preparation would be mere speculation. More importantly, there is no proof in the

record that Webb actually had a prior criminal record. Because there is no proof that Webb had a prior criminal record, Appellant's claim that he was prejudiced by defense counsel's failure to obtain the alleged criminal record is pure conjecture.

In short, Appellant has failed to demonstrate that he was prejudiced by any of the alleged deficiencies of his counsel at trial. Therefore, Appellant has failed to show that he received ineffective assistance of counsel. Appellant is not entitled to relief on this issue.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
NORMA McGEE OGLE, Judge